# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

*In re*: **J.F.-1, L.F., and A.F.**

**No. 16-0796** (Calhoun County 15-JA-43, 15-JA-44, & 15-JA-45)

**FILED**

**February 21, 2017**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Mother J.F.-2, by counsel Andrew S. Ryan, appeals the Circuit Court of Calhoun County's August 1, 2016, order terminating her parental rights to J.F.-1, L.F., and A.F.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Lee Niezgoda, filed a response in support of the circuit court's order. The guardian ad litem ("guardian"), Tony Morgan, filed a response on behalf of the children supporting the circuit court's order. On appeal, petitioner argues that the circuit court erred in denying her an extension of her post-adjudicatory improvement period upon erroneous findings.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In September of 2015, the DHHR filed an abuse and neglect petition against petitioner and her husband that alleged that the home was filthy and unsanitary; the children suffered from severe, chronic, and untreated head lice; there was insufficient food in the home; and petitioner was overmedicated and unable to parent the children properly due to the medication's effects. The petition further alleged that the parents made the eldest child, J.F.-1, then eleven years old, responsible for her younger siblings. The DHHR further alleged that the parents emotionally abused J.F.-1 by holding her responsible for Child Protective Services ("CPS") intervention. The following month, the DHHR filed an amended petition to include additional allegations of inappropriate discipline and the children's therapist's observation that the children feared their parents.

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990). Additionally, because one child and petitioner share the same initials, they will be referred to as J.F.-1 and J.F.-2, respectively, throughout this memorandum decision.

In October of 2015, the circuit court held an adjudicatory hearing, during which petitioner admitted that she did not appropriately treat the children's lice issues, despite the issues persisting intermittently over several years. However, although she previously admitted that the home contained exposed wiring within the children's reach and that photographs of the home accurately represented its condition, petitioner denied that the home was in an unsuitable condition. Following petitioner's contested adjudication, the circuit court found that the parents neglected the children by exposure to dangerous living conditions and also physically and emotionally abused the children.

In November of 2015, the circuit court granted the parents' motions for post-adjudicatory improvement periods. However, in March of 2016, the DHHR filed a motion to terminate both parents' improvement periods and their parental rights to the children. In April of 2016, the circuit court held two hearings on the DHHR's motion. The circuit court heard testimony regarding the parent's compliance with services from their therapist, their in-home service provider, and the psychologist that evaluated petitioner, among other witnesses. According to the therapist, the parents made no progress in correcting the conditions of abuse and neglect in the home because they failed to acknowledge such abuse and neglect. Because the parents lacked insight into the conditions, the therapist indicated that it would be impossible for them to remedy the issues. As to the service provider, she testified that although the parents made some progress, they continued to deny the children's hygiene issues. According to the psychologist that evaluated petitioner, she suffered from features of borderline personality disorder. The psychologist also noted that petitioner's statements during the evaluation were inconsistent with information received from other sources and that petitioner appeared deceptive during the evaluation. Based upon these issues, the psychologist declined to recommend any services for petitioner.

In May of 2016, the circuit court held a status hearing regarding the DHHR's termination of rights motion. That same day, both parents filed motions for extensions to their respective post-adjudicatory improvement periods. By order entered on June 21, 2016, the circuit court terminated the parents' improvement periods and set the matter for disposition. In July of 2016, the circuit court held a dispositional hearing and found that the parents "continue[d] to deny that they were abusive and neglectful in their parenting." As such, the circuit court ultimately terminated the parents' parental rights. It is from this order that petitioner appeals.

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if

the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). Upon our review, the Court finds no error in the circuit court's denial of petitioner's motion for an extension of her post-adjudicatory improvement period or its findings in support of that ruling.

Pursuant to West Virginia Code § 49-4-610(6), a circuit court "may extend any improvement period granted pursuant to subdivision (2) or (3) of this section for a period not to exceed three months when the court finds that the [parent] has substantially complied with the terms of the improvement period[,]" among other findings. On appeal, petitioner argues that she established her substantial compliance with the terms of her improvement period, as evidenced by testimony from her service providers. The Court, however, does not agree. While it is true that petitioner exhibited an improvement in her interaction with the children and also remediated some of the conditions in the home, this evidence is insufficient to establish that petitioner substantially complied with the terms and conditions of her improvement period. This is especially true in light of testimony from petitioner's therapist who stated that petitioner made no progress in correcting the conditions of abuse and neglect because of her "lack of ability to admit to the problems in the home" and the fact that her lack of progress put the children at risk.

Moreover, petitioner's in-home service provider testified that it would not be safe for the children to return to petitioner's care as of April of 2016. The provider also indicated that petitioner required additional therapy before she could correct the conditions of abuse and neglect in the home. However, it is clear that additional therapy would have provided no benefit because petitioner's failure to acknowledge the issues of abuse and neglect in the home resulted in a total lack of progress in therapy. We have previously held that

> [i]n order to remedy the abuse and/or neglect problem, the problem must first be acknowledged. Failure to acknowledge the existence of the problem, i.e., the truth of the basic allegation pertaining to the alleged abuse and neglect or the perpetrator of said abuse and neglect, results in making the problem untreatable and in making an improvement period an exercise in futility at the child's expense.

*In re Timber M.*, 231 W.Va. 44, 55, 743 S.E.2d 352, 363 (2013) (quoting *In re: Charity H.*, 215 W.Va. 208, 217, 599 S.E.2d 631, 640 (2004)). As such, it is clear that an extension to petitioner's improvement period was improper, given her inability to progress with her therapeutic services.

On appeal, petitioner argues that her own history of abuse as a child is crucial in understanding her inability to gain insight into the issues underlying this proceeding, but that the circuit court did not consider the same. The record on appeal, however, is clear that this evidence was presented below and properly considered. Petitioner's therapist testified to the issues upon which petitioner relies on appeal; namely, that petitioner's childhood was abusive and that she lacked insight into her own parenting deficiencies. While petitioner argues that this evidence supported an extension of her post-adjudicatory improvement period, the Court does not agree.

3

In fact, it is clear that this evidence supported denying petitioner's motion to extend her improvement period, as the therapist specifically testified that petitioner's lack of insight resulted in her inability to make any changes in her treatment of the children. According to the therapist, as late as June of 2016, petitioner made no progress in her treatment. In fact, when the therapist attempted to discuss issues that needed to be corrected, petitioner would instead change the subject and basically refuse to address the issues. Ultimately, the circuit court had ample evidence upon which to find that petitioner "continue[d] to deny that [she was] abusive and neglectful in [her] parenting." As such, it is clear that the circuit court did not err in denying petitioner an extension to her post-adjudicatory improvement period.

For the foregoing reasons, we find no error in the decision of the circuit court, and its August 1, 2016, order is hereby affirmed.

Affirmed.

**ISSUED**: February 21, 2017

**CONCURRED IN BY**:

Chief Justice Allen H. Loughry II
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker